<hr />

(112 App. Div. 708)

REWITZER v. SWITCHMEN'S UNION OF NORTH AMERICA.

(Supreme Court, Appellate Division, Fourth Department. May 2, 1906.)

1. INSURANCE—MUTUAL BENEFIT INSURANCE—SUSPENSION OF MEMBER—REINSTATEMENT.

The rules of a mutual benefit association provided that dues and assessments should be paid monthly in advance on or before the last day of each month; that any member failing to make payments as required should be suspended, the suspension taking effect on the first day of the current month; that a member suspended for nonpayment "for one month," wishing to be reinstated, must pay all arrearages, and make application at a meeting of the lodge, and that an applicant for reinstatement should furnish a certificate of health after one month, and after two months furnish a medical certificate. A local officer of a subordinate lodge retained the money collected by him during each month, and made his remittance to the grand lodge on the last day of the month. *Held*, that the rules, together with the conduct of the officers, showed that it was only where default had continued for a month that an application for reinstatement was required to be made in order for a member to regain his former standing.

2. SAME—RULES—CONSTRUCTION.·

Where a rule of a mutual benefit association provided that, if a member not in arrears should sustain an injury or become sick, he could not become delinquent while injured or be deprived of his weekly benefits, but his dues and assessments should be deducted therefrom, it could not be construed as referring only to the special assessments made by a local or subordinate lodge.

3. SAME—DELINQUENCY OF MEMBER—WAIVER.

Where the rules of a mutual benefit association required payment of dues of each month to be paid on the last day of the preceding month, and provided for a suspension for nonpayment, and a member's dues for a certain month were paid on the 10th thereof, and accepted by the local officer, and transmitted to the proper officer of the grand lodge at the end of the month, as was the usual practice, and the member died on the 21st of the month, and the grand lodge retained the moneys until the 10th of the following month, when they were returned to the local officer, who tendered them to the member's brother, who had paid them, the conduct of the association amounted to a waiver of strict performance on the part of the member.

Appeal from Judgment on Report of Referee.

Action by Mary B. Rewitzer against the Switchmen's Union of North America. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

The action is brought to recover upon a certificate of life insurance issued by the defendant, a fraternal insurance society, to one George L. Rewitzer, who has died, in which his mother is named the beneficiary.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

V. H. Riordon, for appellant.

D. V. Murphy, for respondent.

KRUSE, J.   The defendant is a domestic fraternal insurance society, organized under chapter 690, p. 1930, of the Laws of 1892 of this state relating to fraternal beneficiary societies.   It consists of a grand lodge and subordinate lodges organized by it.   On or about October 14, 1903, the defendant organized a subordinate lodge in the city of Columbus, Ohio, known as "Subdivision Lodge 215," and George L. Rewitzer became a member thereof, and a certificate of membership was issued to him, naming his mother (the plaintiff) the beneficiary.   Class B, to which the insured belonged, insured the member for $1,200.   The insurance was made subject to certain conditions therein named, and the laws, rules, and regulations were made part of the contract of insurance.   The insured paid his dues and assessments in advance for each of the first three months, as required by the rules, but those for the fourth month (February) he did not pay until February 16th, when he paid the dues and assessments for that month and also for March and April.   The dues and assessments for May were payable April 30th, but at that time he was sick, and this illness terminated fatally on May 21, 1904. His dues for May and June were paid by his brother on May 10, 1904, accepted by the proper officer of the local lodge, and transmitted by him to the proper officer of the grand lodge at the end of the month, as usual.   The practice was for the local officer to retain the moneys so collected by him during the month, making his remittance on the morning of the last day of the month.   The moneys so paid by the brother for the insurance on May 15th, and remitted to the grand lodge on the last of the month, were retained until June 10th following, when they were returned by the grand lodge to the local treasurer, who tendered them back to the brother, who had paid them. The rules of the defendant provide as follows:

"Sec. 213. Dues and assessments of all members for the following month must be paid monthly in advance to the treasurer on or before the last day of each month.

"Sec. 214. Any member failing or declining to make payment of his dues and assessments as herein provided stands suspended, such suspension taking effect on the first day of the current month."

"Sec. 250. A member under suspension shall forfeit all rights and privileges of membership, including the traveling card, password, and seat in the lodge room."

But these rules must be read in connection with the following:

"Sec. 240. A member of the union who has been suspended for nonpayment of an assessment or dues for one month, wishing to be reinstated, must pay all arrearages in advance, make written application to, at a stated or special meeting of, the lodge from which he was suspended, upon a blank issued by the grand lodge.

"Sec. 241. An applicant for reinstatement shall furnish a certificate of health after one month, and after two months shall, at his own expense, furnish the union with a medical certificate, on form prescribed for applicants for original membership, from a medical examiner of the union, or a quali-

fied. physician authorized by the grand secretary and treasurer, as to his health and fitness for membership, which certificate must ·be approved by the grand medical examiner and grand secretary and treasurer, the same as upon original membership."

"Sec. 247. A member suspended for nonpayment of dues and assessments shall stand suspended for the month he is suspended, and shall not be entitled to admission to the lodge until all dues and assessments shall have been paid for that month."

And rule 116 forbids the payment of any claim "unless the dues and assessments of the member to whom the certificate was issued were paid to the subordinate lodge treasurer at the time his death or total disability occurred."

It is contended by the defendant that the insured became suspended by omitting to pay his dues and assessments for May on the last day of April, and his insurance was forfeited thereby, and that he could not avoid the effect. thereof without being reinstated, under sections 240 and 241 and those following, relating to a vote in the local lodge and. approval of the medical examination. We think this view is unfounded.

1. It will be observed that section 240 provides ·for reinstatement of a member who has been suspended for nonpayment of an assessment or dues for one month, and section 241 requires the furnishing of the certificate of health after one month. The reasonable construction of these sections, as a whole, is that, if a member pays his dues and assessments past due .within one month after they become payable, he regains his good standing without being reinstated, as is provided by .sections 240, etc., but in no event is the insurance to be paid if the dues and assessments were not paid to the subordinate lodge at the time of. his death. That it is only where the default has ·continued for a month that the application for reinstatement is required to be made to ·regain his former, standing and save his membership and insurance. I think this is obvious from these rules when read together, supplemented by the conduct of the officers of the grand lodge and those of the local or subordinate lodge. At the end of each month the report of the local lodge officer to the grand lodge showed that members were delinquent for the ·month, none was ever suspended, but the dues and assessments were uniformly afterwards accepted. Indeed, that was done with the insured as regards the dues and assessments for February. This course of ·conduct by the defendant is a circumstance that may properly be considered upon the construction to be put upon these rules if there be any ambiguity in their meaning. Another circumstance which I think sustains this view is the fact that the local officer did not transmit these moneys until the end of the month, not at the close of the day, but in the morning, so· that the inference is permissible that the ·dues and assessments for that month were not expected to be transmitted to the grand lodge until the end of the month, although the members were required to pay them the last of the preceding month.

. 2. Again, this case seems to come exactly within section 302 of the rules, which provides:

"If a brother not in arrears should sustain an injury or become sick, he cannot· become delinquent while injured or be deprived· of his weekly benefits, but his dues and assessments must be deducted from such benefits."

The proof shows the assured became ill April 24th, and was ill when his dues and assessments became due, and never recovered from his illness. The rule expressly provides that the sick or disabled members cannot under such circumstances become delinquent, and makes provision for the payment of his dues and assessments out of the weekly sick benefit. I think it cannot be said that the dues and assessments here referred to are only the special assessments made by the local or subordinate lodge, as is claimed by the defendant. If there is any such restriction in the rules or by-laws of the defendant, it has not been disclosed by the record.

3. We are also inclined to agree with the learned referee that, if there was such a default in payment of dues and assessments as is claimed by the defendant, accepting and retaining the dues and assessments, as was done, constituted a waiver of strict performance upon the part of the assured, and that the defendant cannot now insist upon its right to forfeit this insurance.

The judgment should be affirmed, with costs. All concur.